Filed 8/14/15  P. v. Villasenor-Lopez CA1/2

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FIRST APPELLATE DISTRICT

DIVISION TWO

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>v.<br><br>URIEL VILLASENOR-LOPEZ,<br><br>    Defendant and Appellant. | A142379<br><br>(Solano County<br>Super. Ct. No. FCR302200) |

Defendant Uriel Villasenor-Lopez was convicted of carrying a loaded firearm and carrying a concealed firearm, both with enhancements that elevated the offenses to felonies.  He asserts two arguments on appeal.  First, his conviction for carrying a loaded firearm must be reversed because the prosecution did not introduce evidence that he committed the offense in an incorporated city or a prohibited area of unincorporated territory, as required by the Penal Code.[1]  Second, his conviction for carrying a concealed firearm must be reduced to a misdemeanor because the jury did not find all facts necessary to elevate the offense to a felony.  We agree with defendant's first argument and reverse his conviction for carrying a loaded firearm.  We reject his second argument and affirm his felony conviction for carrying a concealed firearm.

### EVIDENCE AT TRIAL

On August 29, 2013, Vacaville police officer Frank Piro was on patrol when he saw a car make two turns without using its turn signal.  The officer followed the car and

---

[1] All statutory references are to the Penal Code, except where otherwise noted.

initiated a traffic stop. The car pulled over on Brown Street, a public street in the City of Vacaville, Solano County. Officer Piro approached the driver's side and saw three people inside the car: the driver, the front passenger (subsequently identified as defendant), and another passenger sitting behind the driver. As the officer was informing the driver about the purpose of the stop, he smelled marijuana coming from inside the car. He asked the occupants if there was anything illegal inside the car, and each one responded, "No." After the driver denied Officer Piro's request for consent to search the car, and once backup arrived, the officer had the occupants step out of the car one at a time. As defendant was getting out of the car, Officer Piro asked if he had anything illegal on him. Defendant responded, "I have a gun in my pocket." Officer Piro placed him in handcuffs and removed a .38 revolver that had been concealed in defendant's front pocket. The gun was "completely loaded," with "unexpended ammunition, live ammunition." After Officer Piro read defendant his *Miranda* rights, defendant told the officer he had purchased the gun two weeks earlier for $300 from someone whose name he would not divulge. He claimed he bought it for his protection because his house had been shot at before.

A Department of Justice database search for defendant's name and two different serial numbers on the gun found no records identifying defendant as the registered owner of the gun.

## PROCEDURAL BACKGROUND

The District Attorney of Solano County charged defendant with two felonies: carrying a loaded firearm in a vehicle (count 1; § 25850, subd. (a)), and carrying a concealed firearm in a vehicle (count 2; § 25400, subd. (a)(3)). Both counts were accompanied by an allegation that defendant was not listed with the Department of Justice as the registered owner of the firearm (§ 25850, subd. (c)(6); § 25400, subd. (c)(6)), an allegation that, if proven, would elevate the offenses from misdemeanors to wobblers.

After the court denied his motion to suppress evidence, defendant was tried before a jury in a trial that, including jury selection, lasted less than one day.

2

At the conclusion of evidence, the court instructed the jury on the elements of the charges against defendant. On count 1, the court gave the following instruction, purportedly based on CALCRIM No. 2530:

"The defendant is charged in Count 1 with unlawfully carrying a loaded firearm on his person in a vehicle, in violation of Penal Code section 25850(a). To prove the defendant guilty of this crime, the People must prove that: One, the defendant carried a loaded firearm on his person and in a vehicle; two, the defendant knew that he was carrying a firearm; and, three, at the time, the defendant was in a public place or on a public street.

"A firearm is any device designed to be used as a weapon, from which a projectile is expelled or discharged through a barrel by the force of any explosion or other form of combustion.

"As used here, a firearm is loaded if there is an unexpended cartridge or shell in the firing chamber or in either a magazine or clip attached to the firearm. An unexpended cartridge or shell consists of a case that holds a charge of powder and a bullet or shot.

"A firearm does not need to be in working order if it was designed to shoot and appears capable of shooting."

As to the enhancement allegation on count 1, the court instructed as provided by CALCRIM No. 2545:

"If you find the defendant guilty of unlawfully carrying a loaded firearm under Count 1, you must then decide whether the people have proved the additional allegation that the defendant was not the registered owner of the firearm.

"To prove this allegation, the People must prove that the defendant is not listed with the Department of Justice as the registered owner of the firearm. . . ."

On count 2, the court instructed pursuant to CALCRIM No. 2522:

"The defendant is charged in Count 2 with unlawfully causing a firearm to be concealed within a vehicle, in violation of Penal Code section 25400.

"To prove that the defendant is guilty of this crime the People must prove that: One, the defendant caused a firearm capable of being concealed on a person to be

3

concealed while it was carried within a vehicle; two, the defendant knew he caused the firearm to be concealed in the vehicle; three, the firearm was substantially concealed within the vehicle; and, four, the defendant was in the vehicle during the time the firearm was concealed there. . . .”

And as to the enhancement allegation on count 2, the court gave CALCRIM No. 2546:

“[I]f you find the defendant guilty of unlawfully carrying a concealed firearm on his person and within a vehicle, under Count 2, you must then decide whether the People have proved the additional allegation that the defendant was not the registered owner of the firearm and that the firearm was loaded.

“To prove this allegation, the People must prove that: One, the defendant is not listed with the Department of Justice as a registered owner of the firearm; and, two, the firearm was loaded.”

Argument by counsel followed, after which the matter was submitted to the jury. After deliberating for one hour, the jury returned guilty verdicts on both counts. The verdict form noted those guilty verdicts, and also contained findings regarding the enhancement allegations. As to count 1, the form stated: “We, the Jury, in the above-entitled matter, find that said firearm [WAS] loaded and not registered to defendant.” And as to count 2: “We, the Jury, in the above-entitled matter, find that said firearm [WAS NOT] registered to the Defendant.”

After denying defendant’s request to reduce both counts to misdemeanors, the court suspended imposition of sentence and ordered defendant placed on three years’ probation with 90 days in county jail and 64 days credit.

This timely appeal followed.

## DISCUSSION

**The Jury’s Guilty Verdict on Count 1 Was Not Supported by Substantial Evidence**

Defendant was convicted in count 1 of carrying a loaded firearm in violation of section 25850, subdivision (a). That provision states: “A person is guilty of carrying a

4

loaded firearm when the person carries a loaded firearm on the person or in a vehicle while in any public place or on any public street in an incorporated city or in any public place or on any public street in a prohibited area of unincorporated territory." Defendant contends the prosecution failed to introduce evidence that he committed the offense in an incorporated city or a prohibited area of unincorporated territory. As a result, he submits, his conviction on count 1 was unsupported by substantial evidence. We agree.

As indicated above, the jury instruction given on count 1 provided in its entirety:

"The defendant is charged in Count 1 with unlawfully carrying a loaded firearm on his person in a vehicle, in violation of Penal Code section 25850(a). To prove the defendant guilty of this crime, the People must prove that: One, the defendant carried a loaded firearm on his person and in a vehicle; two, the defendant knew that he was carrying a firearm; and, three, at the time, the defendant was in a public place or on a public street.

"A firearm is any device designed to be used as a weapon, from which a projectile is expelled or discharged through a barrel by the force of any explosion or other form of combustion.

"As used here, a firearm is loaded if there is an unexpended cartridge or shell in the firing chamber or in either a magazine or clip attached to the firearm. An unexpended cartridge or shell consists of a case that holds a charge of powder and a bullet or shot.

"A firearm does not need to be in working order if it was designed to shoot and appears capable of shooting."

While the written instruction indicated that this was CALCRIM No. 2530, it was in fact an incomplete version of the instruction. The complete CALCRIM No. 2530 instruction says this:

"The defendant is charged [in Count ___] with unlawfully carrying a loaded firearm (on (his/her) person/in a vehicle) [in violation of Penal Code section 25850(a)].

"To prove that the defendant is guilty of this crime, the People must prove that:

"1. The defendant carried a loaded firearm (on (his/her) person/in a vehicle);

"2. The defendant knew that (he/she) was carrying a firearm;

5

"AND

"3.  At that time, the defendant was in a public place or on a public street in (an incorporated city/in an unincorporated area where it was unlawful to discharge a firearm).

"A *firearm* is any device designed to be used as a weapon, from which a projectile is expelled or discharged through a barrel by the force of any explosion or other form of combustion.  [A *firearm* also includes any rocket, rocket-propelled projectile launcher, or similar device containing any explosive or incendiary material, whether or not the device is designed for emergency or distress signaling purposes.]

"[The term *firearm* is defined in another instruction.]

"As used here, a firearm is *loaded* if there is an unexpended cartridge or shell in the firing chamber or in either a magazine or clip attached to the firearm.  An *unexpended cartridge or shell* consists of a case that holds a charge of powder and a bullet or shot.  [A *muzzle-loaded firearm is loaded* when it is capped or primed and has a powder charge and ball or shot in the barrel or cylinder.]

"[A firearm does not need to be in working order if it was designed to shoot and appears capable of shooting.]

"[_____ *<insert location>* is (an incorporated city/in an unincorporated area where it is unlawful to discharge a firearm).]

*<Defense:  Statutory Exemption>*

"[The defendant did not unlawfully carry a loaded firearm if _____ *<insert defense from Pen. Code, §§ 25900, 26000 et seq.>*.  The People have the burden of proving beyond a reasonable doubt that the defendant unlawfully carried a loaded firearm.  If the People have not met this burden, you must find the defendant not guilty of this crime."

As can be seen, the complete CALCRIM No. 2530 instruction requires the People to prove that the offense occurred in an incorporated city or an unincorporated area where

6

it was unlawful to discharge a firearm.[2]  This is consistent with section 25850, subdivision (a), as well as case law construing the location requirement.  (*People v. Knight* (2004) 121 Cal.App.4th 1568, 1576 [former section 12031, subdivision (a)(1) (the substantively identical predecessor to section 25850, subdivision (a)) "prohibits carrying a loaded firearm on one's person or in a vehicle: (1) while in any public place in an incorporated city; (2) while on any public street in an incorporated city; (3) while in any public place in a prohibited area of unincorporated territory; or (4) while on any public street in a prohibited area of unincorporated territory"].)  This location element was clearly omitted from the instruction here, and the People presented no evidence that defendant was carrying a loaded firearm in an incorporated city or a prohibited area of unincorporated territory, as required for a conviction.[3]

While making no mention of the omission of this element from the jury instruction, the People nevertheless contend that Officer Piro's testimony satisfied the location element.  As they would have it, every city is by definition an incorporated city, such that his testimony that the offense occurred in the City of Vacaville necessarily established that the offense occurred in an incorporated city.  In support, they cite various definitions in the Cortese-Knox-Hertzberg Local Government Reorganization Act of 2000, Gov. Code section 56000 et seq., purportedly establishing that a city can only be an incorporated city, including Government Code section 56023 (" 'City' means any incorporated chartered or general law city, including any city the name of which includes the word 'town.' ") and section 56043 (" 'Incorporation' means the creation or establishment of a city. . . .").  Nothing they cite, or that we can find independently, however, makes those definitions applicable to the Penal Code in general or section

_____

[2] A statement that the location where the offense occurred was an incorporated city or a prohibited area of unincorporated territory can also be included in the instruction, presumably by stipulation or judicial notice.

[3] Despite that the instruction omitted the location element, defendant represents in his opening brief that he does not raise a claim of instructional error and instead asserts only a substantial evidence argument.

25850 in particular.  In fact, the Government Code expressly states that the definitions in that chapter govern only the construction of that division.  (Gov. Code, § 56010.)  And, contrary to the People's theory, unincorporated cities do in fact exist.  (See, e.g., *Raynor v. City of Arcata* (1938) 11 Cal.2d 113, 119; *Futterer v. City of Sacramento* (1925) 196 Cal. 248, 253; *Higgins v. Cole* (1893) 100 Cal. 260, 263; *Lawrence v. State of California* (1985) 171 Cal.App.3d 242, 249; *Koski v. James* (1975) 47 Cal.App.3d 349, 352; *Ventura Realty Co. v. Robinson* (1970) 10 Cal.App.3d 628, 635; *Falasco v. Hulen* (1935) 6 Cal.App.2d 224, 238; *Armas v. City of Oakland* (1933) 135 Cal.App. 411, 417; *Mauck v. Northwestern National Ins. Co.* (1929) 102 Cal.App. 510, 512; *People v. Palermo Land and Water Co.* (1907) 4 Cal.App. 717, 719; Gov. Code, § 51010.5, subd. (e); Bus. & Prof. Code, § 5404.)

In the absence of evidence that defendant was carrying a loaded firearm in an incorporated city or a prohibited area of an unincorporated territory, his conviction on count 1 must be reversed.

### The Jury Made the Necessary Findings to Elevate Count 2 to a Felony

In his second argument, defendant contends that his conviction on count 2— carrying a concealed weapon—must be reduced to a misdemeanor because the verdict form required only a jury finding that he was not the registered owner of the firearm, whereas a finding that the firearm was loaded was also necessary in order for the offense to be a felony.  This argument lacks merit.

By way of statutory background, carrying a concealed firearm in violation of section 25400 is punishable as a misdemeanor except under certain circumstances specified by the statute.  (§ 25400, subd. (c)(7).)  In four circumstances, the offense is punishable as a felony.  (*Id.*, subd. (c)(1)–(4).)  In two circumstances, it is a wobbler, that is, punishable either as a felony or as a misdemeanor.  (*Id.*, subd. (c)(5)–(6).)

The information here alleged defendant's offense was a felony, citing section 25400, subdivision (c)(6).  That provision states:

"(c)  Carrying a concealed firearm in violation of this section is punishable as follows:  [¶] . . . [¶]

"(6)   If both of the following conditions are met, by imprisonment pursuant to subdivision (h) of Section 1170, or by imprisonment in a county jail not to exceed one year, by a fine not to exceed one thousand dollars ($1,0000), or by both that fine and imprisonment:

"(A)   The pistol, revolver, or other firearm capable of being concealed upon the person is loaded, or both it and the unexpended ammunition capable of being discharged from it are in the immediate possession of the person or readily accessible to that person.

"(B)   The person is not listed with the Department of Justice pursuant to paragraph (1) of subdivision (c) of Section 11106 as the registered owner of that pistol, revolver, or other firearm capable of being concealed upon the person."

Where those two requirements are not proven, the offense is punishable only as a misdemeanor.  (§ 25400, subd. (c)(7).)

Defendant correctly notes, and the People concede, that as to the felony enhancement on count 2, the verdict form asked only whether the jury found that defendant was not the registered owner of the firearm.[4]  Because the jury was not asked to find that the firearm was loaded specifically with respect to count 2, as required by section 25400, subdivision (c)(6)(A), defendant contends the jury did not make the findings necessary to elevate the offense to a felony.  This argument fails for at least four reasons.

First, the jury did in fact make the necessary finding.  Count 1 charged defendant with carrying a loaded firearm.  It goes without saying that an element of that offense was that defendant was carrying a loaded firearm.  (CALCRIM No. 2530; § 25850, subd. (1).)  The jury returned a guilty verdict on count 1, meaning it necessarily found that the firearm defendant was concealing in his pocket was loaded.

---

[4] The enhancement on count 1 (carrying a loaded weapon) required a finding only that defendant was not the registered owner (§ 25400, subd. (c)(6)), while the enhancement on count 2 (carrying a concealed weapon) required a finding that defendant was not the registered owner *and* that the firearm was loaded.  (*Id.*, subd. (c)(6).)  These required findings were apparently switched when the verdict form was prepared.

Second, as to the count 1 enhancement, the verdict form required the jury to find that defendant was not the registered owner of the firearm and that it was loaded. Even though this was in error—the jury only needed to find that defendant was not the registered owner to elevate count 1 to a felony—it nonetheless found that the gun was loaded.

Third, the court properly instructed, both orally and in writing, that the enhancement on count 2 required the jury to find that defendant was not the registered owner and that the firearm was loaded.[5] The jury had four copies of the instructions with it during deliberations. It is presumed the jury understood and followed the court's instructions. (*People v. Mills* (2010) 48 Cal.4th 158, 200.)

Fourth, defendant cites no legal requirement that a verdict form perfectly list the elements of an enhancement alleged for the verdict to be valid, provided the necessary findings are contained in the verdict form. (See, e.g., *People v. Bratis* (1977) 73 Cal.App.3d 751, 764 [" 'No particular form of verdict is required, so long as it clearly indicates the intention of the jury to find the defendant guilty of the offense with which he is charged.' "].) Here, the jury's finding that defendant's firearm was loaded was evident in its guilty verdict on count 1 and its finding on the count 1 penalty enhancement that the firearm was loaded.

## DISPOSITION

The judgment of conviction on count 1 is reversed. In all other regards, the judgment is affirmed.

---

[5] The prosecutor also correctly argued the two elements necessary for the felony enhancement on count 2.

_____
Richman, Acting P.J.

We concur:


_____
Stewart, J.


_____
Miller, J.


A142379

11