Filed 11/10/15  P. v. Saephan CA5

## NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FIFTH APPELLATE DISTRICT

| | |
|---|---|
| THE PEOPLE, Plaintiff and Respondent, v. FOUSENG CHOY SAEPHAN, Defendant and Appellant. | F069474 (Super. Ct. No. CRM030105) **OPINION** |

---

## THE COURT[*]

APPEAL from a judgment of the Superior Court of Merced County.  Marc A. Garcia, Judge.

Gillian Black, under appointment by the Court of Appeal, for Defendant and Appellant.

Kamala D. Harris, Attorney General, Gerald A. Engler, Chief Assistant Attorney General, Michael P. Farrell, Assistant Attorney General, Julie A. Hokans and Robert Gezi, Deputy Attorneys General, for Plaintiff and Respondent.

---

[*]     Before Levy, Acting P.J., Kane, J. and Poochigian, J.

-ooOoo-

## INTRODUCTION

A jury convicted appellant Fouseng Choy Saephan of being a felon in possession of a firearm (Pen. Code,[1] § 29800, subd. (a)(1); count 1) and carrying a loaded firearm in public (§ 25850, subd. (c)(1); count 2). In a bifurcated proceeding, appellant admitted he had suffered a prior serious or violent felony conviction in 1991. He was sentenced to two years in prison on count 1 and eight months on count 2, with both sentences doubled based on the past strike. The sentence on count 2 was consecutive to count 1, but it was stayed pursuant to section 654.

On appeal, appellant raises three issues. First, we agree with both parties that the trial court erred when it accepted appellant's admission of the prior felony conviction from 1991 without providing the required advisements under *Boykin v. Alabama* (1969) 395 U.S. 238 and *In re Tahl* (1969) 1 Cal.3d 122 (*Boykin-Tahl*). We reverse the prior conviction finding and remand for further proceedings.

We find merit in appellant's second claim. He asserts the evidence was insufficient to sustain the conviction for count 2, contending no evidence established that he possessed the loaded firearm in an incorporated city or in a prohibited area of an unincorporated territory as required for conviction under section 25850, subdivision (a). We agree and reverse the conviction in count 2.

Finally, we find unpersuasive appellant's argument that count 1 should be reversed because the trial court abused its discretion when it admitted into evidence information about appellant's conviction in 2009 for possession of a firearm as a felon. We find no prejudice. We reverse the judgment in part but otherwise affirm.

---

[1] All future statutory references are to the Penal Code unless otherwise noted.

## BACKGROUND

Appellant did not present any evidence on his own behalf. The following is a summary of the prosecution's case.

In the early morning hours on October 24, 2013, California Highway Patrol officers located a disabled vehicle on southbound State Route 99 north of Franklin Road in the County of Merced between Atwater and Merced. Appellant was the sole occupant. He told an officer that "he ran out of gas and he was coming from Sacramento to Merced and he needed a ride to the gas station." The officer told appellant to grab any personal items from the vehicle. Appellant retrieved a cellphone from the backseat, which was inches from a jacket. It was cold outside and appellant wore a short sleeved polo shirt. However, appellant left the jacket in the vehicle and the officers drove him to a gas station.

After dropping off appellant at the gas station, the officers returned to routine patrol. Later that morning the officers saw appellant's vehicle still on the shoulder of State Route 99. The officers stopped and inspected the vehicle. In doing so, a revolver was seen through a rear window. The firearm was on the backseat and partially covered by the jacket, but the officer could see that the revolver's cylinders were loaded. The officers returned to the gas station and made contact with appellant, who agreed to unlock the vehicle. Appellant informed the officers he had "no idea" a weapon was in his vehicle, and said he gave a friend a ride earlier in the day and his friend must have left it there. Appellant, however, could not provide his friend's name despite numerous requests from the officers. Appellant indicated he was the only person who drove the vehicle although it was registered to his wife.

The officers took possession of the revolver, a Roxio .38-caliber Special, and secured it in their cruiser. The officers did not use gloves in handling the revolver because they did not have any. The weapon appeared to be functioning. The weapon's

serial number had been scratched or ground off. The officers ran a criminal history check of appellant, which indicated he was a convicted felon.

The firearm was tested for fingerprints and DNA. One useable print was discovered on the weapon's frame, but it did not belong to appellant. The DNA test showed at least three individuals had handled the weapon, but their identities were inconclusive.

## DISCUSSION

### I.  The Trial Court Erred In Failing To Advise Appellant Of His Rights.

Appellant contends that the trial court erred when it accepted his admission of a prior conviction from 1991 without first giving a *Boykin-Tahl* advisement. Respondent concedes error occurred. We appreciate respondent's concession and deem it appropriate based on this record.

In connection with the admission of the 1991 prior conviction, the trial court failed to advise appellant and receive required waivers regarding (1) the right to a trial; (2) the right to remain silent; and (3) the right to confront adverse witnesses. (*In re Yurko* (1974) 10 Cal.3d 857, 863; *People v. Mosby* (2004) 33 Cal.4th 353, 356 (*Mosby*).) Advisement and waiver of these rights were necessary to establish appellant's voluntary and intelligent admission. (*Mosby, supra,* at p. 356; *People v. Howard* (1992) 1 Cal.4th 1132, 1178-1179.) When such error occurs, reversal of the prior conviction finding is required but the prior conviction finding is not barred by the state or federal prohibitions on double jeopardy. (*People v. Sifuentes* (2011) 195 Cal.App.4th 1410, 1421; *People v. Fielder* (2004) 114 Cal.App.4th 1221, 1234.) Accordingly, we reverse the prior conviction finding from 1991, and remand the case for retrial and resentencing.

### II.  Count 2 Must Be Reversed For Insufficient Evidence.

Appellant contends his conviction on count 2 for possession of a loaded firearm must be reversed and dismissed for insufficient evidence.

**A.     Background.**

Utilizing CALCRIM No. 2530, the trial court provided the jury with the following instruction regarding count 2:

> "The defendant is charged in Count 2 with unlawfully carrying a loaded firearm in a vehicle.  To prove that the defendant is guilty of this crime, the People must prove that, one, the defendant carried a loaded firearm in a vehicle; two, the defendant knew that he was carrying a firearm; and three, at the time the defendant was in a public place or on a public street and in an incorporated city."

During closing arguments, the prosecutor said appellant was on a public street on Highway 99, and the jury should apply common sense and find him guilty of count 2.

**B.     Standard of review.**

For an appeal challenging the sufficiency of evidence, we review the entire record in the light most favorable to the judgment to determine whether a reasonable jury could have found the defendant guilty beyond a reasonable doubt based on "'evidence that is reasonable, credible, and of solid value ….'" (*People v. Jones* (2013) 57 Cal.4th 899, 960.)  In doing this review, we are not required to ask whether we believe the trial evidence established guilt beyond a reasonable doubt.  (*People v. Johnson* (1980) 26 Cal.3d 557, 576.)  Rather, the issue is whether any rational jury could have found the essential elements of the crime beyond a reasonable doubt after viewing the evidence favorably for the prosecution.  (*Ibid*.)  We are to presume the existence of any fact the jury could have reasonably deduced from the evidence in support of the judgment.  (*Ibid*.)

**C.     Analysis.**

Appellant argues no evidence was introduced regarding whether his weapon was located in an incorporated city or in an unincorporated area where it was unlawful to discharge a firearm.  He contends that the law requires more than a showing he was in a public place with the firearm.  He notes the prosecutor incorrectly argued the law in

asking the jury to convict on count 2 because the loaded weapon was found on a public street.

Respondent contends sufficient evidence existed to support the verdict in count 2 because State Route 99 is a public highway and appellant's vehicle was located between the cities of Atwater and Merced. He suggests the jury could have "reasonably inferred" that appellant drove with the loaded gun through Atwater before stopping on State Route 99 because appellant told the responding officer he ran out of gas as he was traveling from Sacramento to Merced. Respondent maintains that all cities in California are incorporated as a matter of law pursuant to Government Code sections 20, 21 and 56043.

Citing Google Maps, respondent requests this court to take judicial notice that State Route 99 runs through the City of Atwater just north of Merced. Appellant objects to that request, arguing, in part, such a request is inappropriate because that information was not presented to the jury. We agree with appellant. "An appellate court may properly decline to take judicial notice under Evidence Code sections 452 and 459 of a matter which should have been presented to the trial court for its consideration in the first instance. [Citations.]" (*Brosterhous v. State Bar* (1995) 12 Cal.4th 315, 325-326.) Because this information is not part of the appellate record, we deny respondent's request to take judicial notice that State Route 99 runs through the City of Atwater just north of Merced. In any event, even if we took judicial notice of that fact, the evidence remains insufficient to support a conviction in count 2.

Pursuant to section 25850, subdivision (a), "[a] person is guilty of carrying a loaded firearm when the person carries a loaded firearm on the person or in a vehicle while in any public place or on any public street in an incorporated city or in any public place or on any public street in a prohibited area of unincorporated territory." Subdivision (a) of section 25850 continues former section 12031, subdivision (a)(1), without substantive change. (Cal. Law Revision Com. com., 51D pt. 3 West's Ann. Pen. Code (2012 ed.) foll. § 28850, p. 257.)

6.

In 2004, the Third Appellate District analyzed how to interpret the location requirement appearing in section 25850 when it reviewed former section 12031, which contained the same language. It was determined that a person is prohibited from carrying a loaded firearm on either their person or in a vehicle: "(1) while in any public place in an incorporated city; (2) while on any public street in an incorporated city; (3) while in any public place in a prohibited area of unincorporated territory; or (4) while on any public street in a prohibited area of unincorporated territory." (*People v. Knight* (2004) 121 Cal.App.4th 1568, 1576, fn. omitted (*Knight*) [reviewing former § 12031, subd. (a)(1)].) *Knight* reached this conclusion after applying the rules governing statutory construction. (*Knight, supra,* at p. 1275.) It noted that the language regarding the location of the firearm was not a model of statutory clarity, but it rejected the People's argument that the statute should be read to prohibit possession of a loaded firearm while in any public place regardless whether in or outside an incorporated city. *Knight* reasoned that such a conclusion would render meaningless or inoperative the language "'in any public place'" that appears before the clause "'in a prohibited area of unincorporated territory.'" (*Ibid.*)

Here, the jury was instructed only to consider whether appellant carried the loaded firearm in "a public place or on a public street and in an incorporated city." However, it is impossible to determine in which incorporated city the jury would have unanimously agreed appellant possessed the loaded weapon. This record does not reveal any stipulation or testimony presented to the jury regarding whether Atwater, or any other city, is incorporated. The officers discovered appellant's vehicle on southbound State Route 99 north of Franklin Road in the County of Merced. No evidence was presented whether this location was in an incorporated city. The prosecutor erroneously suggested that the jury should convict appellant because he possessed the loaded weapon on a public street. Based on this record, insufficient evidence exists for the jury to have found appellant guilty beyond a reasonable doubt in count 2. Accordingly, the conviction in count 2 is reversed.

### III. Appellant Did Not Suffer Prejudice From The Admission Of His 2009 Conviction.

Appellant argues that his conviction in count 1 must be reversed because the trial court erred in admitting into evidence the nature of a prior conviction he suffered in 2009.

#### A. Background.

Prior to trial, the prosecutor moved to admit into evidence a prior conviction which appellant suffered from 2009 for felony possession of a firearm. The prosecutor argued appellant's prior conviction involved a .38-caliber revolver. Because appellant denied knowing that the .38-caliber revolver was in his vehicle, and he denied possession, the prosecution contended that the prior conviction was admissible to show a lack of mistake, a common scheme or plan, and intent given the similarities in the caliber of weapons. Appellant objected to the introduction of this evidence, citing Evidence Code sections 352 and 1101, subdivision (a). The trial court granted the prosecution's motion to use appellant's prior conviction under Evidence Code section 1101, subdivision (b).

The parties reached the following two stipulations, which were read to the jury: one that appellant "suffered a prior felony conviction, and two, that on August 17th, 2009 [appellant] was convicted of being a felon in possession of a firearm, to wit, a Charter Arms .38 caliber pistol."

During closing arguments, the prosecutor informed the jury it should not convict appellant now because he had the 2009 conviction for being a felon in possession of a firearm. Instead, this evidence had three purposes. First, to show appellant acted with the intent to carry that particular .38-caliber handgun because he was familiar with it. Second, this showed a common plan or scheme because "this is kind of how [appellant] rolls. This is something that he is familiar with and that he does, carries a .38 caliber revolver." Finally, the prosecutor argued appellant's story was discredited that this was a mistake or accident because he had been convicted of being in possession of a gun before. The prosecutor later argued appellant's defense was not reasonable that the

8.

weapon was left behind by a friend. He noted appellant left the vehicle without taking the jacket although it was cold, the weapon's serial number had been scratched off, and appellant had been previously convicted of possessing a .38-caliber revolver. The prosecutor contended that all of these facts established guilt.

### B. Standard of review.

All relevant evidence is admissible in trial except if limited by statute, and irrelevant evidence is inadmissible. (Evid. Code, §§ 350, 351.) "Relevant evidence is defined in Evidence Code section 210 as evidence 'having any tendency in reason to prove or disprove any disputed fact that is of consequence to the determination of the action.' The test of relevance is whether the evidence tends '"logically, naturally, and by reasonable inference" to establish material facts such as identity, intent, or motive. [Citations.]' [Citation.]" (*People v. Scheid* (1997) 16 Cal.4th 1, 13-14.)

Evidence Code section 352 vests a trial court with broad discretion to assess whether the probative value of any evidence is outweighed by undue prejudice, confusion for the jury, or an undue consumption of time. (Evid. Code, § 352; see *People v. Rodrigues* (1994) 8 Cal.4th 1060, 1124.) A trial court's exercise of its discretion under Evidence Code section 352 will not be disturbed on appeal unless its action was arbitrary, capricious or patently absurd, resulting in a manifest miscarriage of justice. (*Rodrigues, supra,* at p. 1124.) Likewise, an appellate court reviews for abuse of discretion a lower court's ruling under Evidence Code section 1101. (*People v. Davis* (2009) 46 Cal.4th 539, 602.)

The standard of review for prejudice for the erroneous admission of evidence under state law, including character evidence, is whether it is reasonably probable the verdict would have been more favorable to the defendant in the absence of the evidentiary error. (*People v. Thomas* (2011) 52 Cal.4th 336, 356; *People v. Partida* (2005) 37 Cal.4th 428, 439.)

**C.     Analysis.**

Appellant contends that the trial court erred in admitting evidence regarding the nature of his prior conviction.  Based on information contained in the prosecution's motion in limine, appellant argues that his prior firearm offense stemmed from a search of his residence pursuant to a warrant associated with a drug arrest.  He asserts no connection exists between the two incidents because the present firearm was discovered in his vehicle in the absence of drugs.  He argues that he consistently denied knowing of the gun's presence, not that he was unfamiliar with guns or that he was unfamiliar with a .38-caliber.  He also maintains the prosecutor used the prior conviction as propensity evidence, it was highly prejudicial, and it is reasonable that a verdict more favorable to him would have been returned in the absence of the error.

Respondent believes no abuse of discretion occurred because the facts of the prior conviction were similar to the current offense so that Evidence Code section 1101, subdivision (b), was satisfied.  Respondent contends appellant was not prejudiced even if error occurred.

Our Supreme Court has determined that it is appropriate to analyze prejudice without addressing whether it was error to admit the disputed evidence if any error was harmless.  (*People v. Thomas, supra,* 52 Cal.4th at p. 356.)  This is such a situation.  Appellant was the sole occupant of the vehicle in which the loaded weapon was recovered.  He was the only person who drove the vehicle although it was registered to his wife.  Although it was a cold morning, he left the jacket in the vehicle when he received a ride to the gas station.  The jacket was partially covering the loaded weapon.  Although he informed the officers he had "no idea" the weapon was in his vehicle and said a friend must have left it, appellant could not provide his friend's name despite numerous requests from the officers.  The weapon's serial number had been ground down.

We disagree with appellant's characterization that this evidence was relatively weak. Although no forensic evidence established that appellant touched the firearm, appellant's explanation about an unnamed friend leaving the weapon in his vehicle was not reasonable under the circumstances. Moreover, the prosecutor did not overly emphasize the 2009 conviction, and he informed the jurors they should not use that conviction to convict appellant now.

Based on this record, even if the trial court erred, it is not reasonably probable the verdict in count 1 would have been more favorable to appellant in the absence of the error. (*People v. Partida, supra,* 37 Cal.4th at p. 439.) Accordingly, appellant is not entitled to reversal of his conviction in count 1.

## DISPOSITION

The conviction in count 2 is reversed. The prior conviction finding from 1991 is reversed. The sentence is vacated and the matter is remanded for retrial regarding the allegation of the prior 1991 conviction and for resentencing. The judgment is otherwise affirmed.